IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALECHIA GAIL KLING                                                      PLAINTIFF

v.                              CIVIL NO. 20-cv-2087

ANDREW SAUL, Commissioner                                               DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Alechia Gail Kling, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on January 26, 2018. (Tr. 165). In her application, Plaintiff alleged disability beginning on October 21, 2017, due to: anxiety, post-traumatic stress disorder (PTSD), schizophrenia, and depression.  (Tr. 165, 444). An administrative hearing was held on March 25, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 165, 190-240).

On June 6, 2019, the ALJ issued an unfavorable decision. (Tr. 162).  The ALJ found Plaintiff had engaged in substantial gainful activity during the time period from October 2017 to February 2018. (Tr. 168). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: left shoulder arthritis, post metatarsophalangeal (MTP) joint arthrodesis of great right toe, hammertoe correction in right

1

foot, chronic pain syndrome, degenerative disc disease, left hip effusion, bipolar disorder, panic disorder and PTSD. (Tr. 168). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 168-70). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b), except she is limited to simple, multi-step, routine tasks not at production rate, she can have only occasional interaction with supervisors and coworkers, and she can have no interaction with the general public except incidental.
> (Tr. 170-80).

With the help of a vocational expert, the ALJ found Plaintiff would be able to perform her past relevant work as an office cleaner. (Tr. 180). The ALJ found Plaintiff was not disabled from October 21, 2017, through the date of her decision. (*Id*.).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the

Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the following points on appeal: 1) whether the ALJ erred in finding Plaintiff engaged in substantial gainful activity from October 2017 to February 2018; 2) whether the ALJ erred in finding Plaintiff could perform light work; 3) whether the ALJ erred in her assessment of Plaintiff's mental RFC; and 4) whether the ALJ erred in her evaluation the opinion evidence. (Doc. 15). The Commissioner argues that any error by the ALJ at step one was harmless error, the RFC assessment was supported by substantial evidence, and the ALJ properly evaluated the opinion evidence. (Doc. 16).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 12th day of February 2021.

/s/*Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE